UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:08-CV-00001-R

UNITED STATES OF AMERICA                                       PLAINTIFF

v.

EUGENE E. HAMPTON, et al.                                        DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the Court upon Plaintiff's Motion for Partial Summary Judgment (Docket #14). Defendants have failed to respond. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion for Partial Summary Judgement is **GRANTED**.

**BACKGROUND**

The Government brought this civil action against Defendant Eugene E. Hampton ("Hampton") to procure a judgment for his failure to pay the full amount of income tax owed by him for the years of 1998, 1999, 2000, and 2001 and civil penalties incurred by him in 1997, 1998, and 2000. In total, Hampton owes the Government over $250,000 in outstanding federal income taxes, penalties, and interest. Because Hampton has failed to pay these assessments, the Government seeks a tax lien on certain real property owned by him. This real property is purported to be held in common law trust by New Hope Unlimited. It is the position of the Government that New Hope Unlimited is a nominee or alter ego of Hampton. The Government alleges that Defendants Melinda S. Hampton and the Kentucky Department of Revenue may also claim interests in the real property.

The Government now moves for summary judgment for the income tax, penalties, and interest assessed against Hampton.

**STANDARD**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). In determining whether summary judgment is appropriate, a court must resolve all ambiguities and draw all reasonable inferences against the moving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

"[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. J. C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is whether the party bearing the burden of proof has presented a jury question as to each element in the case. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). The plaintiff must present more than a mere scintilla of evidence in support of his position; the plaintiff must present evidence on which the trier of fact could reasonably find for the plaintiff. *See id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)). Mere speculation will not suffice to defeat a motion for summary judgment: "The mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Moinette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

**DISCUSSION**

A showing by the Government that federal taxes have been assessed and that the assessment has not been paid is presumptively correct and establishes a prima facie case that taxes are due. *United States v. Janis*, 428 U.S. 433, 440 (1976); *United Staves v. Walton*, 909

F.2d 915, 918 (6th Cir. 1990).  The presumption that tax assessments are correct shifts the burden of production and the burden of proof to the taxpayer to show by a preponderance of the evidence that the assessment against him is "arbitrary and excessive."  *Walton*, 909 F.2d at 918.  To successfully demonstrate that the assessment is "arbitrary and excessive," the taxpayer must show that he owes nothing or that the amount assessed against him is incorrect.  *Id.*  "[P]roof that an assessment is utterly without foundation is proof that it is arbitrary and erroneous."  *Janis*, 428 U.S. at 442.

The Government has attached with its motion for summary judgment Certificates of Assessment demonstrating the tax liabilities owed by Hampton for the years of 1998, 1999, 2000, and 2001, and for civil penalties for the years of 1997, 1998, and 2000.  The Government has notified Hampton of these assessments.  Hampton has not responded to the Government's motion nor offered any facts to show that he is either not responsible for the assessments or that the amounts assessed against him are incorrect.  Accordingly, Hampton has failed to meet his burden and is responsible for the tax liabilities as assessed by the Government.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Partial Summary Judgment is **GRANTED**.

An appropriate order shall issue.