UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO: 5:08-CV-00001-R

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.

EUGENE E. HAMPTON, et al.                                                                   DEFENDANTS

**OPINION AND ORDER**

This matter is before the Court upon Plaintiff's Motion for Entry of Judgment (Docket #17). Defendant Eugene E. Hampton has filed a letter and various documents with the Court. This matter is now ripe for adjudication. For the following reasons, Plaintiff's Motion for Entry of Judgment is GRANTED.

**BACKGROUND**

The Government brought this civil action against Defendant Eugene E. Hampton ("Hampton") to procure a judgment for his failure to pay the full amount of income tax owed by him for the years of 1998, 1999, 2000, and 2001 and civil penalties incurred by him in 1997, 1998, and 2000. In total, Hampton owes the Government over $250,000 in outstanding federal income taxes, penalties, and interest. Because Hampton has failed to pay these assessments, the Government seeks a tax lien on certain real property owned by him. This real property is purported to be held in common law trust by New Hope Unlimited. It is the position of the Government that New Hope Unlimited is a nominee or alter ego of Hampton. The Government alleges that Defendants Melinda S. Hampton and the Kentucky Department of Revenue may also claim interests in the real property.

In its November 10, 2008 Order, the Court granted partial summary judgment in favor of

the Government for the income tax, penalties, and interest assessed against Hampton. The Government now moves for an entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b).

## STANDARD

When an action presents more than one claim for relief or when multiple parties are involved, Rule 54(b) provides that "the court may direct entry of final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. Pro. 54(b). In making a determination under Rule 54(b), the district court "must first determine that it is dealing with a 'final judgment.' It must be a 'judgment' in the sense that it is a decision upon a cognizable claim for relief, and it must be 'final' in the sense that it is 'an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 7 (1980).

Having found finality, the district court determines whether there is any just reason for delay. *Id.* at 8. "This express determination requires the district court to weigh competing factors involved in the certificate decision and express that balancing in the certificate of appealability." *Sidney Coal Co., Inc. v. Social Sec. Admin.*, 98 F. App'x 378, 380 (6th Cir. 2004) (citing *Daleure v. Kentucky*, 269 F.3d 540, 543 (6th Cir.2001); *Solomon v. Aetna Life Ins. Co.*, 782 F.2d 58, 61 (6th Cir.1986)).

## DISCUSSION

In its November 10, 2008 Order, the Court determined that Hampton had failed to meet his burden of showing that the tax assessments against him were "arbitrary and excessive" so as to overcome the Government's showing that the taxes were due. *See United States v. Walton*,

2

909 F.2d 915, 918 (6th Cir. 1990). Because Hampton offered no evidence demonstrating that he was either not responsible for the tax assessments or that the amounts assessed against him were incorrect, the Court granted partial summary judgment in favor of the Government for the income tax, penalties, and interests assessed against Hampton. The Court's Order was an ultimate disposition of Counts I and II alleged in the Complaint. All that remains is Count III, which alleges foreclosure of federal tax liens against Defendants Eugene E. Hampton and Melinda S. Hampton.

Hampton has filed with the Court a letter stating that the allegations against him are a legal fiction and several documents that purport to provide a ten million dollar "bonded promissory note to the order of Henry M. Paulson, Jr. d/b/a Secretary of the United States Treasury." None of Hampton's filings directly address the Government's motion.

Counts I and II of the Complaint pertain to taxes assessed against only Hampton, not the other parties to this lawsuit. Hampton has offered no legally cognizable objection to appellate review. For these reasons, the Court finds that there is no just reason for delay in this matter.

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Entry of Final Judgment is GRANTED. IT IS HEREBY ORDERED that the Clerk enter a final judgment in favor of the United States against Eugene E. Hampton for (1) income tax, penalties, and interest for the years 1998 through 2001, inclusive, in the amount of $238,414.39, as of October 1, 2007, plus interest and costs; and (2) civil penalties and interest for tax years 1997, 1998, and 2000 in the amount of $1,593.01, as of October 1, 2007, plus interest and costs.